Case No. 22-5047. Roger Severino, a felon, v. Joseph R. Biden, Jr., in his official capacity as President of the United States et al. Mr. Niels for the felons, Mr. Jack for the athletes. Thank you, and may it please the Court. Congress created an independent administrative conference and gave its council members terms to protect its role as a neutral advisor to Congress and all branches of government. In doing so, Congress acted in accord with the long American understanding of such terms, as precluding at-will removal during the term. That's the point of the council's terms. The government's reading that a term of office does nothing to protect the officeholder from removal deprives the terms of all effect and eviscerates the intellectual independence that OLC said is inconsistent with presidential removal power. And it's the same reading rejected just a few years before the statute's enactment by the Supreme Court of Wiener. If this Court were to adopt the government's reading, it would end the independence of this office and many offices protected by equivalent term provisions that have always been understood to prevent at-will removal, including by the Supreme Court and Free Enterprise Fund. SEC, Mr. Chairman of the Federal Reserve. Mr. Niels, let's start with what labels apply to Mr. Severino and the ACUS. First, is he, was he an executive officer? The Administrative Conference is within the executive branch. It's an independent agency within the executive branch. And so the executive branch, as I understand it, has principal officers, inferior officers, and employees. What was, what was he? Your Honor, I don't know that that, the characterization under the appointments clause really matters here. I think it's likely that he would just be considered an employee under LUCIA. I don't think he had significant authority to be sure that, that, sorry. And then do you, and I know you don't think he was removable at will. Do you think he was removable for cause? Your Honor, we don't have a position on that. It's hard to kind of stick with that. I mean, it's hard for me to go with you. You know, you want us to interpret the statute, and then we interpret the statute one way. You want us to decide its constitutionality. But you, you don't have a theory for how to interpret the statute. If you don't have an answer to, was he removable for cause? Your Honor, our complaint alleges, which must be assumed true here, that he was removed for no reason. And so all we have to show is statute imposes some removal restriction. Assume I think, assume I will be unable to understand the meaning of this statute unless I can answer for myself the question, was Severino removable for cause? Then what would you answer? Your Honor, again, I don't think we need to take a position one way or the other on that. I think Judge Silberman and Swan said it is likely that a appointee with a term appointment has protection equivalent to that of someone protected by a for cause provision. So, and we said. You don't take a firm position on whether Judge Silberman was right. You have not identified any case in which a term of office provision alone sufficed to limit presidential removal. Is that statement correct? I don't think that's entirely correct, Your Honor. I think both Wiener and Humphrey's executor qualified. Assume I've read those as closely as I can, and I don't think that it was the term of office provision alone that sufficed to limit presidential removal there. Do you have another case? Sure, I'll just go through a couple, and I acknowledge that I'm not going to be able to give you an exact quote that you're looking for. But Swan at 987 says it is beyond dispute that Congress generally may place restrictions such as term limits on the president's removal. They specifically reserved the question, did not answer the question of whether he could be removed during the term, and it was just a question afterwards. That's true, Your Honor, but they did not say the opposite. One more case, and then I got another question. Sure, so free enterprise fund. There, the Supreme Court premised its constitutional holding that dual-layer removal restrictions are invalid on the fact that SEC commissioners are not removable at will. Wouldn't the remedy in free enterprise fund have been to not only refuse to apply the removal provision, but also to refuse to apply, not saying invalidate, no, refuse to apply the term provision in order to completely, remedy is again the wrong word, but in order for that statute to be able to be applied in a constitutional way? Well, Your Honor, that question of remedy was just not before the court. I think what the government's missing is that the entire premise of the free enterprise fund decision. You mean before the court wasn't briefed? All parties, including the United States, understood the term provision, which is just like the one here, to prohibit at-will removal. Your thought is that the court in free enterprise fund saw an unconstitutional problem, and rather than rendering the regime constitutional, they left it unconstitutional? That's right. That's exactly what I'm saying. I'm saying that if the government was right, they should have just said, arsons 130 years ago decided this. The SEC members can be removed at will. Let me ask one more question because I apologize for my colleagues for going on at length here, but I'm going to read some quotes from recent cases, a lot more recent than the cases that I think somewhat dominate the brief. And they speak sometimes in dicta, speak specifically to the question of whether we read a statute that has a term provision to silently limit the president's removal. Collins says, we generally presume that the president holds the power to remove at-will executive officers and that a statute must contain plain language to take that away. SILA said the removal provisions were severable from the other provisions, including the term of service provision. Collins did the same thing as we were just discussing. Justice Kavanaugh dissenting on Bonk in a case that the Supreme Court then went the other way on, said, quote, term of office provisions do not prevent the president from removing at will a director at any time during the director's tenure. So assume none of that is binding. None of that is holding. It's all dicta. Is there a way for you to win this case? And for those judges, I think we covered Justice Alito and Chief Justice Roberts twice and Justice Kavanaugh. Is there a way for you to win without them being wrong? Yes, Your Honor. This statutory question was not before the court in those cases. All of those cases involve constitutional issues not presented here. Judge Kavanaugh's dissent, for example, specifically reserves this question and mentions Parsons. But this court in Swan, both the majority and Judge Silverman, explains Swan as relevant to four executive officials. That's just not the case here. So that's why those cases are different than this one. And again, if you go back to Free Enterprise Fund, the Supreme Court issued a constitutional holding premise on our understanding being correct. And so this court, other than Swan, has made the same assumption, FEC versus NRA in 1993, assuming that FEC commissioners protected by equivalent term provision are not removable at will. This court in Colores, voting Reagan, which was just a couple years after Parsons, where the term of office is for a fixed period, the appointing power cannot remove at pleasure. And Your Honor's question sort of suggests a plain statement rule. Even if we were to accept that those statements were binding or an accurate description of the law, wouldn't it still depend on whether they were employees versus officers? I mean, why would we presume that any such tenure of protection would apply to mere employees? Your Honor, because I think this I don't think there's any case suggesting that employees can't be protected by term provisions. And so I think you can you direct me to a statute where that is the case? I think the Civil Rights Commission at issue in Wilson, this court's decision in Wilson is similar to this agency. It primarily gave advice. The court held that staggered terms ran with the calendar and emphasized the independent advice giving function of the agency. But I think it's plausible, at least, that those commissioners would also be considered employees. But and they were also protected by fixed staggered terms, just like the council members here. On what basis do you say he was an employee? He had one of the private citizen slots on the council. He had not paid. On what basis are you asserting he's an employee for these purposes? Well, the two questions about inferior officer under the appointments class, which, again, we don't think is particularly relevant here. But the individual has to have a continuing office, which you say he does. And he has to exercise significant authority. That's the Supreme Court. Yeah. And a single individual on a council that does purely advisory functions within the executive branch. What significant authority does a single private citizen on this council exercise? I don't think he does. That's why I think he's an employee, an employee of the government. No, no, no. And there are statutes that define what it means to be an employee of the United States government. And so what what definition of employee of the United States government does private citizen on this council meet? There may be a statutory answer. I'm not aware of. I just I'm aware because there are employees who are on this council. Well, your honor, all I mean to say is he's not an inferior officer. He's not a principal officer. He's not an inferior officer. No, but you're being asked. You said he's an employee of the government. About the ability. Here is. Pose mutations on the removal of private citizens on a purely advisory entity. Well, he has an appointment by the president. It's in the record. It's signed. You know, I think it's beyond dispute that he has a government position. There's a form if you have some kind of position. But that's you. You labeled an employee and I was just probing that. So you're not you're not sure what you're not sure what his status is. All right. All I'm saying is I don't think he'd be an inferior officer, but I really don't think it matters what you label him under the appointments for him to be protected by the fixed term. So so there's a thing called the President's Council on Physical Fitness, I think, in private citizens. You know, you know, usually, you know, athletes or retired athletes, celebrities get appointed to that council. And I believe those appointments are for a particular term. Let's assume that there's a statute that says that they are appointed for a particular term of years. You think that those private citizens have tenure protection? Your Honor, I think you'd have to look at the statute both in context and in terms of the history at the time the statute was enacted. I think that if it's structured, structured similar to here, where the advice all the council can do, all the conference can do here is give advice. And so that's why the chairman, Jay, 69, said the only reason we have our recommendations have respect is because they're thought to carry expertise and political neutrality. And so if you take that away from the agency, there's nothing left. They can't make agencies adopt the recommendation. They can't make Congress about the recommendation. All they have is their expertise and neutrality. And if that goes away and there's nothing else. So it makes sense that Congress would have said there are employees of the federal government who are on this council and the president can remove them right from their jobs. And then that removes them from the council. That's true, Your Honor, and I think that only supports our point because the statute specifically limits the number of government employees. And Mr. Severino was appointed as a person, as a government member, but later when his service ended as a non-governmental member. So I think that only supports the inference that Congress was trying to make there be some independence between the agency and the executive branch. That seems a little odd. What independence is there between this entity and the executive branch when half of the council is members of the executive branch? And the sole function of this entity is to advise the executive branch on the conduct of executive functions. That doesn't feel separate to me at all. Your Honor, I don't think the sole function is to solely advise. The primary function. Well, by statute, actually, Your Honor, it's supposed to advise all branches of government. No, no, it has to give a report to Congress. And it may optionally provide information other than that report to Congress and the judiciary. That's optional. Its mandate, other than that report to Congress, is to advise the executive branch on the conduct of administrative functions. Thus the name. Your Honor, I respectfully disagree. I don't think. You think its main function is to advise Congress? I think its main function is to advise all branches of government with independence and neutrality. J.A. 46 note 3, OLC emphasizes. No, no, tell me in the statute. Tell me in the statute where it says that. I don't want to be OLC. I want to know from the statute. I believe section 594 is where it says who the agency provides recommendations to. And I emphasize that it provides recommendations at its own option, not at the request of the executive branch. That's the point OLC makes in J.A. 46 note 3. Study the efficiency, adequacy, and fairness of the administrative procedures used by administrative agencies in carrying out administrative programs. That's number one. That sounds pretty executive to me. Make recommendations to administrative agencies, collectively or individually. That's pretty administrative. And to the President, still administrative. You can make recommendations to Congress or the courts, but you don't have to. Arrange for interchange among administrative agencies. Collect information and statistics from administrative agencies. Enter into arrangements with any administrative agency. Provide assistance in response to requests for improvement of administrative procedure. That's not independent. It's working with them to help improve things. Presumably a good calling, but that is not remotely independent in the way as Humphreys or Weiner was. Your Honor, I disagree with 594 subsection 1, but you just read it's the exact same duty to give recommendations to Congress and the judiciary. If you read the whole darn thing, it's all, I mean, if you want to tell me that your view is that this is equally advising Congress. Because I read you all the provisions, right? All of that. I mean, I can read more of it if you want. But it's all about assisting administrative agencies. But if your position depends on us concluding that this entity is equally advising Congress and the judiciary, I will accept that as your position. Your Honor, I'm not going to say equally. No, primarily what is the function of this entity? It's to improve regulatory processes. Sometimes that's by providing. Sometimes? Do you have a sense of how often that they are, how often does this entity spend its time advising agencies or the president? What percentage of its time? I'm not aware of that. All I know is that the statute gives it authority to advise all branches of government. The fact that it's advising agencies, many of which are independent, like the FCC and the FDIC, doesn't change the fact that it's supposed to give independent advice. That's what the legislative history shows, that its advice must be independent because otherwise its recommendations are not respected. I have another question, too, and that is I really don't understand what this conference is. The conference labels itself an independent agency. You talk about that, but then in your brief you also describe it as a federal advisory committee. I don't know that it at all fits our case law on what it means to be an authority of the United States within the 5 U.S.C. 551 definition of an agency. On the other hand, you've got a head that's appointed by the president, confirmed by the Senate. That doesn't make you an agency necessarily, but it's pretty common for that. It gets the same pay as an independent agency. But the assembly itself is listed as a federal advisory committee. And so I just don't understand what the council is. Is it an agency or is it, as you said in your brief, an advisory committee? Or something else? Maybe there's another option I'm not aware of. The council in particular? Yeah. I mean, the record reflects that it acts like a board of directors over the agency. I think the government concedes that the conference as a whole is an independent agency. You said it's an advisory committee subject to the Advisory Committee Act on page 5 of your brief. That's right. Are you aware of any advisory committee that is also a 5 U.S.C. 551 agency? I'm not sure, Your Honor. I don't think there are any that I'm aware of. Maybe the government will know otherwise. We've said that to be an agency, you have to exercise regulatory power. This doesn't have regulatory power. Hand out funds for projects. I don't think they can fund projects. Issue regulations for procedures. I don't think it can do that. It can make recommendations, but it can't issue regulations. And it can't direct executive branch officials. So I'm just trying to figure out why you think it's an agency. That's how the government has characterized it. I agree with all those characterizations. So maybe it's not an agency. Title V definition of agency. Maybe there's some common law definition or something. It might be, Your Honor. I think those functions, the fact that it doesn't have those functions emphasize why Congress would have thought it needed to be independent. And then my colleagues, I actually had where I should have started a standing question under SWAN. So the theory in SWAN is that there's someone below the president who can simply treat, in this instance, treat your client as a member of the person who took his place in this instance. So in this case, the council is limited to ten members. It has ten members already. And given that he was a private citizen position, I don't know, are you able to identify which council member would have to be set aside so that he could be treated as a council member? Unfortunately, I'm not. The government might be able to be. Okay. Well, you have to establish standing. So is your theory instead that we'll have an 11-member council? That's your relief? No, because the statute is limited to ten. That's right, Your Honor. So somebody has to go if he comes in. That's right. Who goes? At the motion to dismiss stage, I don't think we need to prove exactly which person the government. You don't have to establish standing? We have to establish standing with the requisite proof required at the motion to dismiss stage. And the government concedes in footnote one of the red briefs that we named as defendants officials who can treat the plaintiff as a member of the council. You didn't address this issue, though, about the numbering, which I don't know was an issue with Swan. It didn't seem to come up there. But here it seems to me you've got sort of we're limited by the ten-member cap and then that this is, like Swan again, an unusual position within a group body where it's sort of hard to identify where to slot their client in. I'm just not sure what to do. So your view is for pleading stage, there's enough, and then there would have to be proof as to who it was that took the particular private citizen slot that the client had? That's right, Your Honor. Someone is in my client's spot, and under Swan, it's enough to show that the government, a corollary of Swan is that that person is not supposed to be in the seat, and the individual we have named as defendant, the chairman of the council has authority to instead treat Mr. Severino as a current council member instead of them. Okay. Thank you very much. We'll give you a couple more minutes on rebuttal. Your Honors, I'm Jed from the United States. May it please the court. I'd like to begin, if I may, with the colloquy that my friend had with Judge Walker about what issue the plaintiff has actually put before the court today and how Supreme Court precedent applies to that issue. Because I think my friend struggled with answering the question of whether they're asking for four-cause removal, and I just want to point out, they've really gone out of their way not to ask for four-cause removal. If you look at page 11 of the joint appendix, their complaint, it says the president has no statutory authority to remove the plaintiff. It doesn't say that there weren't necessary circumstances met. It doesn't say that certain procedures weren't followed. It just says he has no statutory authority. And throughout their opening brief, they say things like the plaintiff has a guaranteed term. His role is inviolable. Page 15 analogizes it to a senator's terms. I think the only issue that they've put before the court today is whether someone with a term of years appointment is categorically unremovable except for by impeachment. And Judge Walker, just to kind of get into, I think, some of the doctrinal questions that you were asking, my friend, I'm not aware of any federal case that said that that would be true. But I actually think even if they were arguing for four-cause removal, it would still have the same problems under existing precedent. Because I think particularly recent Supreme Court decisions have made clear that a term alone is not enough, not even for non-removability, but even for some form of four-cause protection. And of course, because there's nothing in the statute, the court would then have to choose what that form is. And I'd like to just direct the court just to two cases, just to make sure that we're all on the same page about this. First, in Collins, at page 1782 to 1783, the Supreme Court has a paragraph where they identify a number of agencies where they say the heads of those agencies are removable at will. And if you look through the list of, I think it's roughly 10 agencies that they identify, the vast majority of those have individuals who are appointed to serve a term of years. So in other words, the Supreme Court statement in Collins that those folks are removable at will would be wrong. Do you happen to have the list? I don't have that page of Collins in front of me. It's pages 1782 to 1783 in Collins. I think it's the bridge paragraph. I'm just wondering what the agencies are. I don't have the list of agencies. I apologize. What I can tell you is sort of agency-specific, and I think concerns the separability analysis at issue. Before you get there. Thank you. Thank you very much. Now, please, if you would, Mr. Jed, tell me again, where this list is. Carry on. Yeah, carry over. Bottom of 82. Okay. Peace Corps, Nuclear Facilities Safety Board, CFTC, Farm Credit Administration, National Credit, Union Administration, Railroad Retirement Board. So you think that all of those are removable at will? The Supreme Court said they're removable at will. That's the position of the United States. You know, obviously, I don't want to. This was dicta, so I think. I don't on the fly want to start opining on the removability provisions of various agencies. All that I'm saying is the offense of the Supreme Court went out of its way to sort of point to a list of agencies. And I understand that. I would be cautious, too, just on the fly making representations on behalf of the United States government. But your argument, your theory of the statute here, has implications that can't have been missed by the Department of Justice as it was preparing for this case. And I would think that your theory of this statute, where you are removable at will, even if there's a term in the statute for the length of service. I would think that that theory would likely sweep in the agencies that you've already mentioned. And also, I'm going to list six more. The SEC, the FCC, the FEC, the FDIC, the ITC, and the EEOC. I could have my facts wrong on a couple of those, and maybe they have express for cause removal protection provisions in them. But for the sake of this question, assume that they don't have an express for cause removal protection term. They just have a length of years that the commissioners in those agencies serve. Are those commissioners removable at will? Mr. Walker, I'm certainly not in a position to tick sort of agency by agency through the U.S. Code. But maybe I can answer your question in the following way, which is a plaintiff, if you were arguing for for cause removal, which he is not, would nonetheless be basing that solely on the existence of a term and isn't basing it on any of the other features that may arise for some of those various statutes. And I can certainly tell you that Collins, and by the way the severability analysis in Collins and Celia Law and PCAOB, all confirm that having a term of years appointment, at least alone, certainly doesn't confer for cause removal protection. I think my friend's only response to that in the reply brief is just to say, maybe the Supreme Court didn't realize what was going on in the case, or maybe the issue just didn't dawn on them and actually it was a mistake. And I should say, one, it was holding of the court. The court was explicitly saying, given this problem, here is how we are going to sever the statute. But, two, I think it would be very strange to suggest the court wasn't aware of it. At least two of those three decisions would be on Justice Kavanaugh. I'm with you. And I think I was pretty hard on your opposing counsel. I was trying to be fair as well. About what I saw as an incomplete theory of how to interpret the statute, before we even get to any constitution. Now I'm suggesting that I think there's something somewhat incomplete, maybe tactically incomplete, about the government's theory as well, because it can't be that the ACUS has one, we're going to interpret that statute in one way, in a way that means that the president can fire Severino. And we're going to interpret the SEC, the FCC, and the FEC in different ways. And I just don't understand why the government can't say, because it has to have been a predictable question that it would be asked, why can the government not say that the theory they're applying to Mr. Severino's former agency applies to the SEC, FCC, and FEC, in a way that would allow the president to remove those commissioners at will? Judge Walker, I'm actually not sure if we're disagreeing about what I can say. Mr. Severino, again, if you were asking for foreclose removal, and he is literally asking for the opposite of that in his complaint and in his opening brief, would at best be saying that a term of years appointment alone is what confers foreclose removal. Again, an argument he's not making, but theoretically he were to make that argument. And I can tell you that a term of years appointment alone does not confer foreclose removal. I don't know that I can stand up here and give you a sort of universal theory that would apply to every statute in the U.S. code. As Your Honor is obviously well aware, there have been some recent developments in Supreme Court doctrine, but developments on issues that aren't really necessary to resolve for the purposes of this case. Can I ask if maybe you're able to commit a bit more, because we're talking here about removal of a private citizen from a collective organization. I'm assuming that there are no private citizens in roles in the agencies listed in the Collins case, the ones that Judge Walker asserted. I'm sorry, I actually can't quite hear you. I apologize. So, what seems different is the only issue before us is removal of a private citizen member of a council, which is not, I'm assuming that the folks protected by terms of office in the SEC and the assorted agencies that Judge Walker referenced and the Collins case references, that's what they were talking about. I'm assuming the folks that Judge Walker was just referencing are government officers, actually heads of department for the most part from those examples. Right. So, isn't the only question for us, removal power over a private citizen on an entity that has a purely advisory function? I think that might be right, but I actually probably need to hedge in two different ways in answering that question. The first, just in terms of the formal status of these individuals, I think the OLC opinions about the emoluments clause that we cite, you sort of discussed that. I mean, to the extent that they are serving on ACAS, they then do have a kind of government capacity. They may be special government employees for ethics purposes, but they're not paid. They're not paid, that's right. The chairman is paid, the council members are not. I think your Honor is right. I believe they are SGEs. Obviously, as your Honor is aware, that doesn't kind of necessarily sort of trigger FACA. Obviously, SGEs are a sort of somewhat sui generis setup. Your Honor is obviously right that most of what ACAS does is advisory. I think we have identified in our brief at least kind of one example where agencies actually need to follow a set of guidelines that are set up by ACAS. Where is that? I believe there's a statute that when HHS engages in certain kinds of arbitration, it needs to follow those existing guidelines that were established by ACAS. It's cited at the very bottom of the paragraph in our brief where we discuss ACAS's functions. Certainly, the primary function that ACAS serves is advisory. There's no question. Is that in the HHS statute or is that in the ACAS statute? You know, I'm actually not. It's not in the original ACAS statute. As we detail the number of statutes that were created after ACAS, it's kind of assigned additional functions to ACAS. So I'm not sure if the statute I'm referring to, I believe it's in Title 25. If it's an HHS-specific statute or there are various statutes related to arbitration that have, in turn, incorporated some ACAS requirements. Are those guidelines issued by the counsel or by the conference as a whole? It's by the conference as a whole, but I'm not certain. Am I right that Severino, when he was on counsel, has to have been one of these four things? A principal, officer, an inferior officer, a federal employee, or not in the department? You know, I'm not aware of a case that sort of said that that would cover the universe. It seems plausible that it would. But, you know, as I think, for example, some of the colloquies with Judge Wilkins brought up, there are a lot of these best kind of sui generis entities where it's a little unclear sort of what these folks are. You know, obviously, sort of for constitutional purposes or appointments clause purposes, once you get outside of officer or inferior officer, it doesn't particularly matter for the most part designations like employee. So do you think that he's one of those four or some option? You know, I just don't want to take a position on that. You know, as I said, he's he's he's an S.P. It's a kind of somewhat sui generis. It seems important, though, to us. We're going to try to figure out whether he's removable at will or not. Seems very relevant to know what he is. Well, you know, the plaintiff hasn't made any argument that turns on whether he's an employee or principal officer or whatnot. In fact, he hasn't made, again, any argument about why there would be four clause removal at all. So the extent that the court is looking for a kind of minimal way to decide the case doesn't need to go any further than just to say he is not. Is it is it in the record or I guess the motion is not much of record. Is it or isn't it the public record why he was fired? No, not that I'm aware of. And your position is that we can't know for sure which of those four or five categories he is. What about the conference itself? Is it in the executive branch? The conference is in the executive branch beside the relevant regulation. I'm wondering how often this happens. So I'm going to describe a group of people and then ask you a question. Right. Appointed by the previous president to a position with a statutorily fixed term. Under a statute that's silent on whether the president can remove the appointee. You know how many of those people this president has fired at will without cause? I don't know the answer to that question. You know, some. Right. Because some of them are cited in your brief. Well, you're referring to this president. Obviously, I know about the plaintiff in this case. There are, I believe, two parallel cases that are presenting the same issue. And which ones are those? I'm sorry. Which ones are those? One of them was was brought by Sean Spicer, who I believe was put on the board of overseers. You know, if there's an instance of I'm sorry. What was the other one? Do you know how many times if at all someone has been fired at will in the face of a four cause removal protection? I do not know the answer to that question. Just in the past few years. I just don't know the answer to the question. I mean, again, the plaintiffs aren't even arguing that we have a four cause removal protection here. And I don't know sort of historically how we get to the second part of the Severino brief. And that is, you know, he argues that if we interpret the statute his way. The statute is constitutional. And it seems to me there's two ways that you could win this case. First on the statutory question and second on the constitutional question. Now, for the sake of this question, assume you lose on the statutory question. Assume we decide the statute prohibited the president from firing Severino. Do you want us to move to the second question and say this removal protection is unconstitutional? So Severino still loses. So I think I need to push back on the premise of the question a little bit, which is, I think, if you look at the way that the Supreme Court has approached the statutory issue. It is obviously colored by background constitutional considerations. Myers discussing Parsons makes clear that it was both statutory and constitutional. So I think it's a little bit hard to kind of tease the issues apart. I appreciate that. And I do think this case raises some hard questions about when constitutional avoidance has so informed the interpretation of similar statutes in the past. How much of that avoidance do we just import and a copy and paste style to this? Or how much do we have to do ourselves kind of fresh? But that's not my question. My question is a hypothetical. I want to sound like we heard a lot of this yesterday's Supreme Court argument, but it's just a hypothetical. I know you might not like the hypothetical, but in this hypothetical where we say the statute prohibits the president from firing Severino at will. Do you want to win by us then saying that statute is unconstitutional? You know, Judge Walker, I think if the court were to do that at that point, then I might want to remand so that we can figure out kind of how that parses out, you know. A remand for what? What would what would the benefit of the remand? Well, I understand the district court to have said this is governed by Supreme Court precedent and that we went on the statute. If this court were to say it's not governed by Supreme Court precedent and you lose on the statute. And sometimes we remand on questions the district court has not addressed. But quite frequently for a question of law, we don't. Sometimes sometimes they do. I'm just I'm just wondering that the reason that I'm kind of struggling to answer the hypothetical is the kind of premise that I was given before. I think when the Supreme Court has approached the statutory questions, it's not just that they're engaging in kind of constitutional avoidance, as your honor suggested, but rather it seems that kind of background constitutional principles have colored the way that these statutes are understood. Parsons saying that and if you actually look at some of the historical examples that I'm I'm I'm so with you on that. And, you know, you had me at hello on how profoundly statutory interpretation questions have been colored by this constitutional issue. But on occasion, I'm for its executor, Weiner, Morrison. We've the courts have said the best interpretation statute is that the president cannot fire the person at will. And it seems like this is a pure question of law. There's no need for any fact finding in the district court. It seems like the United States would say we think in that case, the statute would be unconstitutional or we don't. You know, Judge Walker, obviously figuring out how to approach a constitutional question where, on the one hand, a statute be rendered unconstitutional. On the other hand, it sort of implicates presidential removal authorities and particularly doing that in light of some of the very recent Supreme Court cases kind of shedding light on. Executor Myers, it's just not something that I would want to take on my feet right now. Is that a reason for supplemental briefing? If the court were interested in supplemental briefing on that question, on the question of if plaintiffs had made an argument for for cause removal, which they haven't. And if the statute meant that there was some either for cause or for that non-removability protection, then, yes, potentially we could do supplemental briefing. And by the way, just to make sure that I am understanding Your Honor's question, I want to make sure I haven't misunderstood. I think if the plaintiff were rendered entirely non-removable, which really is the only argument that they're making, I think that plainly would be, I mean, at least raise a constitutional question, very likely be unconstitutional. But if we're talking about the possibility that it's for cause removal, again, an argument that they haven't made or wanted an answer to that, then, yes, I think we would want supplemental briefing. I have one more question. It's a pretty friendly question. How do you think we should do constitutional avoidance? Not even necessarily we, but just courts in general. Because I can imagine one version that says, you know, you interpret a statute a certain way because you want to avoid the slim possibility that the Constitution might prohibit the alternative interpretation. Well, it has to be more than slim possibility. It has to be probability. It has to be more. It has to be almost certainly unconstitutional. It has to be definitely unconstitutional. Where are you on that spectrum? You know, Judge Walker, obviously this Court and the Supreme Court have probably varied at least a little bit. It's another understatement. The strength of that principle, I don't think it's something quite as clear as, you know, like the rule of lenity where you would need grievous ambiguity or something to that effect. But I actually think in this case, even if the Court were interested in applying some form of constitutional avoidance, it would actually be a lot easier. Here, what we're dealing with would be not just kind of a constitutional question generally, but one with respect to limiting the President's powers. There, we have a sort of separate line of Supreme Court cases that we cite, as well as this Court's case in Armstrong, which basically says Congress needs to be quite clear. So, you know, I don't think that the Court would need to wade into kind of broader, interesting statutory interpretation questions of the concept of constitutional avoidance. Thanks for your patience with me. Can I just clarify that answer, and that is, do you believe there's any role, does constitutional avoidance play any role in the disposition of the statutory construction argument presented by a plaintiff in this case? No, Judge Millett, or at least it certainly does not have to. We point out that if you agree with a number of their statutory arguments, constitutional avoidance might start to factor in. But no, it does not, and I think the answer is no. So you don't think there's any constitutional question implicated by a holding that a term provision require, forbids anything, forbids dismissal at will by a President? Oh, I'm sorry, maybe I misunderstood the question. If a holding which said that a term provision in and of itself gives some kind of forecast removal would obviously raise... At least if, or maybe not even that, right, depending on their theory. Would obviously raise some constitutional questions, and I think in response to that, I was sort of saying to Judge Walker, I'm not sure that I'm prepared to take a definitive position on that, but... I'm not asking for a definitive position, but do you think it's a substantial constitutional question? There would certainly be a real constitutional question. And I should point out, Judge Millett, by the way, I mean, to the extent that my friend's statutory argument depends on this idea, that every time you see an appointment for a term of years, you actually have no idea what it means. That it's kind of varying based on whether it be constitutional avoidance, or I think it's the way that he's constructed really just sort of as applied unconstitutionality. And I would just direct the court to what Celia Law said in the face of a pretty similar argument about what to do with their actual statutory forecast removal provision. They said, look, we're not going to start interpreting this thing to mean different things or be unconstitutional in some places or not others. It's got a meaning, we have to go with that meaning. And here, I mean, certainly by 1966, when this statute was passed, a well-established meaning of the term of years provision is that it was a limit on the length of the term, but it was not a guarantee that the officeholder continued to hold the office. It's still easy. Do you know how many people were on the council today? You know, I'm not certain of that. If it were less than 10, would that solve the problem of where to put Severino if he were, you know, we rule in his favor? I mean, you know, we have not disputed standing in the Court of Appeals. Our understanding is the logical swan is a somewhat unusual opinion, but our understanding is the logical swan would apply. Obviously, if the court were interested in more on that, we could also submit supplemental briefing on that question. If there were 10, would, this is not, just your understanding of how the conference works. Like on a court, like some, there's a spot, and when that spot comes open, there's a person who used to have that spot, and then there's a successor to that person. Does it work that way on a council? So say there were 10, would it be easy or hard to identify who is Severino's successor? You know, in all candor, I'm actually not 100% certain that as a statutory matter, that's even true on a court. That may just be kind of how folks tend to talk about it. And I'm, you know, I'm not sure exactly how that would work. I mean, you know, again, I guess to kind of engage more directly with Judge Millett's question, if ultimately the court held that Judge Severino, that Mr. Severino needed to be treated as a member of the council, presumably there would end up being some form of equitable order. And then the question would be, you know, kind of how is that equitable order complied with? And Judge Millett, I should point out that I think in the Svahn decision, when there was some discussion of kind of how possible the remedy would be, the court did also kind of shrug its shoulders a little bit and say, well, at least if we could get him something, then that would be partial redress. So I'm not certain that he would necessarily need an official council seat, but the question of kind of whose seat he gets, none of that, you know, is what the court is trying to find with whatever sort of order were ultimately issued. Well, just for standing purposes, I'm relying only on their website, which for whatever that's worth, it's a government website. You tell me whether it's updated. It lists 10 members in a chair, so 11 members actually, including the chair. And so there doesn't appear to be a vacancy unless the website is not updated. So if we assume that it's full and the statute limits it, what is, do you think that he still has standing under a Svahn theory? Because we can't identify sort of whom to, because Svahn not only gave authority, but pushed someone else out. And I don't know how we would do that in this case. Is that something, is it, what does Svahn require with the motion to dismiss stage? I mean, obviously the issue in Svahn was just redress. You know, look, is it, is it possible to give a person their job back and issue an equitable order to the president? And this court in Svahn said, well, look, the plaintiff in Svahn could theoretically get some form of redress, you know, to get the motion to dismiss. He could be treated as a member there, treated as having the position at issue there. And the person who took his seat, I forget the name of that person, would no longer have that authority. It was more, it was just that it was going to be done by someone lower than the president. It wasn't just that, well, you know, we'll give you an office with a name plaque and a phone and a chair. It was that he was actually going to take this position. And so are you saying in this case, I just want to understand what your standing theory is in this case. Maybe you all don't like Svahn, but you haven't challenged it here. So what is the standing theory here if there isn't, as far as anyone can tell, a way to pick, to make, to put him in because it's already full and it's statutorily limited to 10 people? For purposes of standing, all that would have to happen would be, it would be theoretically possible at the motion to dismiss stage. For some lower level person, presumably the chair, to be able to provide some benefit to the plaintiff. Now, potentially that benefit could be an office and a chair, as your Honor suggested. I mean, that itself would still be some benefit, but I'm not. So the motion to dismiss, we don't even have to, we'd have to go, maybe something could happen. That's enough for jurisdiction. It's not maybe something, it's that something can happen. And whether there's something. Are you assuring me that something can happen? We have not contested that something could happen. If the court were concerned about whether the plaintiff could be given, if it's an office or a chair, or be given a position. I think he wants to be on the council. I mean, I can ask him, his client, his attorney can tell me. I thought the relief he wanted was to have his position on the council, not to be, you know, the paper boy for the conference. Well, you know, again, I don't necessarily want to embrace every broadest statement in Swan, but we're bound by Swan. And Swan does actually suggest that kind of any benefit would nonetheless redress an injury. But I'm not trying to push back on the premise of your question. I mean, we haven't disputed. I mean, we basically say in our brief, he could be treated as a member of the council. And I understood your questions to Mr. Mills to ask kind of who's seat is he getting? Like, who's getting. So your position is he could be treated as a member of the council, even if that made him, I guess, member 12, if you counted the chair. We haven't disputed that. Obviously, you know, I don't know exactly the logistics. The government's position is that it could happen. He could be treated as a member of the council, even if that would make the council larger than the statute allows. I don't know whether the consequences seem that council ends up being larger or he gets some benefits of being a council member or in effect, someone who's on the council ends up getting treated as if they're not a council member. Those just aren't issues that we've confronted, given the way that this was set up. If the court wanted something, if his attorney says he says that what he wants is to be a member of the council, you're not less. Obviously, sometimes plaintiffs still have standing, even if they only get less. But if the court wanted supplemental briefing on the effect of SWAN on this case, given the particular current facts about the operation of the council, because that's not an issue that has been briefed in any detail, we could submit supplemental briefing. Thank you very much. Thank you. Well, Mr. Mills, what does your client want? To be a member of the council. And I think since Marbury, it's been settled that if that means a person who is unlawfully substituted for him needs to go, then that's what it means. What if we can't figure it out? I think the government can figure it out. What if they can't? My hypothetical is assume they can't because we just sort of, this isn't, it's not as always taking the position of an agency head. That would be easy. This is a mass of public citizens that are put on here. Five of them are put on at once. If we can't identify one. It sounded like some relief was still possible, and that's enough. I know, but so some relief. So less than being a member of the council is sufficient for your client. It would be sufficient for standing, yes. No, for your client's redress. I don't want a theoretical view of standing. Your client decides what redress they want in a certain standing. You just answered that they want to be a member of the council, period, full stop. And so would anything less than being a member of the council, period, full stop, provide redress to your client? Your Honor, I think there's two different questions. One would be what would my client ideally like to be a member of the council? The second is what minimum is required for standing. No, no, there's one question. There is one question before you, and that is what would your client accept as your client accept as redress on this complaint? To be a member of the council. Full stop. That's right. Okay, then I don't need to hear about theoretical things in other cases where something less could provide standing. That's the only redress that he seeks and the only redress that he wants on his complaint.  And that's the only thing he wants? Yes, Your Honor. Okay, all right. Sorry, we'll give you more time since I took over your time. The government started its presentation here misquoting our complaint. It's the JA-11, the president had no authority to remove at will. It is the government's motion to dismiss and the decision below that never draw this distinction. They're drawing for the first time here between for cause and other removal restrictions. Our only position is that the president lacks authority to remove for no reason at all, which is what happened here. That's all we need to prove to win. The government never provided any explanation of what effect this term would have on their reading. The president could remove it one year, three years, five years, 30 years. The term here would be entirely superfluous under their reading. Last, the government says there's no other features that support reading the term in accord with our reading. I've jotted down at least 10 elements that support our reading. First is the term of office and the history of similar provisions and the grammar. If you look at Humphrey's executor, there's a fixed term, a few other sentences, and then any commissioner can be removed for certain causes. Shurtleff says that last clause isn't enough. So what's doing the work of precluding removal? It's the fixed term. It has to be the fixed term because Shurtleff said that you can remove them for certain. I'm going to try it one more time on the – is your theory that he gets for-cause removal or he gets something even more protective? And here's why I think it has to be for-cause removal, that you're saying, even though you don't want to say it out loud. If it's something even more protective than for-cause removal, then the only way, I guess, to remove, I mean, let's say, a serial killer from the council would be either something like impeachment or even worse, no way to remove a serial killer from the council. It's not your position that whatever the worst-case scenario is for someone on this council, it's not your position that they cannot be removed at all, right? Okay, and so then I guess the thing that's in between for-cause removal and that wild extreme is impeachment, in which case someone on the – not even the chair, a council member on the administrative conference in the United States has the same tenure protections during their tenure as Article III judges. It's the president, yeah, it's the president for his four years. I mean, with so many other people who – is that – so your position is that a list of people who it takes impeachment to remove would be the president, it would be Article III judges, and it would be the council members of the administrative conference in the United States. No, Your Honor, that's not our position. We're saying you don't have to decide. It's the government that wants to force you to make that decision. What's your theory? It is that they cannot be removed for no reason. Okay, thank you. That means they can be removed for a cause. Let's clarify. So the other nine elements, just to run through them very quickly, the original staggered nature of the term, the government said nothing about that, that it's a multi-member body. The Congress rejected making the agency part of the president's staff, made it an independent agency, that it makes recommendations at its own discretion and directly to other branches of government, that it makes recommendations about changing administrative processes, that it limits the number of government members on the council, that it has historical neutrality, that it was considered – this is throughout the legislative history, 19 to 22 – vital for its mission to succeed. It's larger conference composition, emphasizing balance and expertise, and the lack of core executive power. All these factors confirm that the council's independence is central to its mission of providing expert advice, no matter who might be in power. Holding otherwise would end the independence of not just this agency, but the SEC, the Federal Reserve Chair, the FDIC, and many other agencies. The score should reverse. Thank you very much. The case is submitted.
judges: Millett, Wilkins, Walker